UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

Case No. 12-01220

**ORDER (A) APPROVING BIDDING PROCEDURES FOR AUCTION TO BECOME THE DESIGNATED SPONSOR OF THE DEBTORS' CHAPTER 11 PLAN OF REORGANIZATION; (B) APPROVING BREAK UP FEE AND EXPENSES REIMBURSEMENT PAYABLE IN CERTAIN CIRCUMSTANCES TO THE CARLILE DEVELOPMENT GROUP; AND (C) APPROVING THE "SUBSTITUTION CONDITIONS" CONTAINED IN THE DIP LOAN AGREEMENT**

The relief set forth on the following pages, for a total of 5 pages including this page, is hereby **ORDERED**.

**FILED BY THE COURT**
**03/16/2012**



*John E. Waites*
Chief US Bankruptcy Judge
District of South Carolina

Entered: 03/16/2012

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| **In re:**<br><br>**The Cliffs Club & Hospitality Group, Inc.,** *et al.*,[1] *d/b/a* **The Cliffs Golf & Country Club,**<br><br>**Debtors.** | **CHAPTER 11**<br><br>**Case No. 12-01220**<br><br>**Jointly Administered** |

**ORDER (A) APPROVING BIDDING PROCEDURES FOR AUCTION TO BECOME THE DESIGNATED SPONSOR OF THE DEBTORS' CHAPTER 11 PLAN OF REORGANIZATION; (B) APPROVING BREAK UP FEE AND EXPENSES REIMBURSEMENT PAYABLE IN CERTAIN CIRCUMSTANCES TO THE CARLILE DEVELOPMENT GROUP; AND (C) APPROVING THE "SUBSTITUTION CONDITIONS" CONTAINED IN THE DIP LOAN AGREEMENT**

Upon the motion [Docket Entry No. 42] (the "<u>Motion</u>")[2] of the Debtors (a) approving procedures for the submission of higher or better proposals to be the Designated Sponsor of the Debtors' proposed Chapter 11 Plan; (b) approving payment of a break-up fee and reimbursement of expenses to Carlile upon certain occurrences; and (c) approving the "Substitution Conditions" contained in the DIP Agreement between the Debtors and the DIP Lender; and upon the Cherry Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing

---

[1] The Debtors, followed by the last four digits of their respective taxpayer identification numbers and Chapter 11 case numbers, are as follows: The Cliffs Club & Hospitality Group, Inc. (6338) (12-01220); CCHG Holdings, Inc. (1356) (12-01223); The Cliffs at Mountain Park Golf & Country Club, LLC (2842) (12-01225); The Cliffs at Keowee Vineyards Golf & Country Club, LLC (5319) (12-01226); The Cliffs at Walnut Cove Golf & Country Club, LLC (9879) (12-01227); The Cliffs at Keowee Falls Golf & Country Club, LLC (3230) (12-01229); The Cliffs at Keowee Springs Golf & Country Club, LLC (2898) (12-01230); The Cliffs at High Carolina Golf & Country Club, LLC (4293) (12-01231); The Cliffs at Glassy Golf & Country Club, LLC (6559) (12-01234); The Cliffs Valley Golf & Country Club, LLC (6486) (12-01236); Cliffs Club & Hospitality Service Company, LLC (9665) (12-01237).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

that the relief requested by the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon; and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED.

2. The Bidding Procedures attached to the Motion as **Exhibit A** are approved.

3. At the omnibus hearing scheduled in these cases on **May 8, 2012**, **at 9:00 a.m. at the J. Bratton Davis United States Bankruptcy Courthouse, 1100 Laurel Street, Columbia, SC 29201-2423**, the Debtors will report on the auction conducted on April 23, 2012 pursuant to the Bidding Procedures, and the Court will address any objections with respect to the auction at such hearing, unless otherwise scheduled by the Court.

4. Based on the proffers of evidence received by the Court and arguments of counsel, the Court finds that the Bidding Procedures, the Break-Up Fee and Expense Reimbursement, and the Substitution Conditions shall be approved for, among other reasons, the following:.(i) counsel for the Official Committee of Unsecured Creditors expressly consented to the amount and structure of the Break-Up Fee and Expense Reimbursement, and represented that under the circumstances of these cases those fees are appropriate; (ii) the Break-Up Fee and Expense Reimbursement requested are less than those offered by any other bidders, and appear well within the acceptable range of fees in comparable cases;[3] (iii) the Break-Up Fee and Expense Reimbursement represent costs for due diligence in regard to related and necessary

---

[3] In this case, the Debtors maintain that the Break-Up Fee and Expense Reimbursement is under 3%. Compare to Morgan Joseph report *§ 363 Sale Process, What's Market: Stalking Horse Bidder Protections 2011*, referencing the following cases and their break-up fees and expense reimbursements: (i) In re: Chef Solutions Holdings LLC (11-13139-kg, Del., 2.2%); (ii) In re: Alexander Gallo Holdings LLC (11-14220-alg, NY, 4.9%); (iii) In re: The Merit Group Inc. (11-03216-hb, SC, 2.7%); (iv) In re: Fairview Ministries (11-04386-sps, IL, 3%); (v) In re: Scovill Fasteners Inc. (11-21650-reb, GA, 3.6%); (vi) In re: Bowe Bell (11-11187-pjw, DE, 4.1%); (vii) In re: Vitro America, LLC (11-32600-hdh, TX, 4.2%); (viii) In re: Gramercy Park Land LLC (11-11385-jmp, NY, 3%).

assets subject to the bidding process; and (iv) the Bidding Procedures have been previously circulated to known potential bidders and other parties suggested as potential bidders, and the Debtors have received no objections to the Bidding Procedures.  Under the unique circumstances of the above-captioned cases, the Court finds the Break-Up Fee and Expense Reimbursement appropriate.

5. The Break-Up Fee and Expense Reimbursement, each described in the Bidding Procedures, are approved and may be paid on the terms described in the Bidding Procedures without further order of this Court.

6. The Substitution Conditions are approved, and a Successful Bidder (if the Successful Bidder is an entity other than Carlile) is authorized to pay the amounts related thereto without further order of this Court.

7. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

8. The requirements of Bankruptcy Rule 6004(a) are waived.

9. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

10. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

11. Notwithstanding any other provision of this order, the Court may amend or vacate this order or enter other appropriate orders relative hereto in its inherent authority and/or to the extent this or prior orders were based upon material misrepresentations or the failure to disclose material information deemed important to its findings.

12. The Debtors shall, within three (3) business days hereof, serve a copy of this Order on all parties that received notice of the Motion, as well as all parties that have appeared in these Chapter 11 cases and requested notice since the Debtors filed the Motion, and file a certificate of service evidencing such service.

AND IT IS SO ORDERED.

**Prepared and presented by:**

/s/ Däna Wilkinson
Däna Wilkinson
District Court I.D. No. 4663
LAW OFFICE OF DÄNA
WILKINSON
365-C East Blackstock Road
Spartanburg, SC 29301
864.574.7944 (Telephone)
864.574.7531 (Facsimile)
danawilkinson@danawilkinsonlaw.com


-and-


/s/ J. Michael Levengood
Gary W. Marsh
Georgia Bar No. 471290
J. Michael Levengood
Georgia Bar No. 447934
Bryan E. Bates
Georgia Bar No. 140856
MCKENNA LONG & ALDRIDGE
LLP
303 Peachtree Street, Suite 5300
Atlanta, Georgia 30308
404-527-4000 (phone)
404-527-4198 (fax)
gmarsh@mckennalong.com
mlevengood@mckennalong.com
bbates@mckennalong.com

*Proposed Attorneys for Debtors and
Debtors in Possession*