# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

In re:

**The Cliffs Club & Hospitality Group, Inc.,** *d/b/a*
**The Cliffs Golf & Country Club,**



**Debtor.**

**CHAPTER 11**

**Case No. 12-01220**

**Jointly Administered**[1]

## STATEMENT OF FINANCIAL AFFAIRS

**MCKENNA LONG & ALDRIDGE LLP**
Gary W. Marsh
J. Michael Levengood
Bryan E. Bates
303 Peachtree Street, Suite 5300
Atlanta, Georgia 30308
Telephone: 404-527-4000
Fax: 404-527-4198

**LAW OFFICE OF DÄNA WILKINSON**
Däna Wilkinson
365-C East Blackstock Road
Spartanburg, SC 29301
Telephone: 864-574-7944
Fax: 864-574-7531

Counsel for the Debtor and
Debtor in Possession

---

[1]  The jointly administered Debtors, followed by the last four digits of their respective taxpayer identification numbers and Chapter 11 case numbers, are as follows: The Cliffs Club & Hospitality Group, Inc. (6338) (12-01220); CCHG Holdings, Inc. (1356) (12-01223); The Cliffs at Mountain Park Golf & Country Club, LLC (2842) (12-01225); The Cliffs at Keowee Vineyards Golf & Country Club, LLC (5319) (12-01226); The Cliffs at Walnut Cove Golf & Country Club, LLC (9879) (12-01227); The Cliffs at Keowee Falls Golf & Country Club, LLC (3230) (12-01229); The Cliffs at Keowee Springs Golf & Country Club, LLC (2898) (12-01230); The Cliffs at High Carolina Golf & Country Club, LLC (4293) (12-01231); The Cliffs at Glassy Golf & Country Club, LLC (6559) (12-01234); The Cliffs Valley Golf & Country Club, LLC (6486) (12-01236); Cliffs Club & Hospitality Service Company, LLC (9665) (12-01237).

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re: | **CHAPTER 11** |
| | |
| **The Cliffs Club & Hospitality Group, Inc.,** *et al.,*[1] *d/b/a* **The Cliffs Golf & Country Club,** | **Case No. 12-01220** |
| | **Jointly Administered** |
| **Debtors.** | |

**GLOBAL NOTES TO DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES**
**AND STATEMENTS OF FINANCIAL AFFAIRS**

The Cliffs Club & Hospitality Group, Inc. and its affiliated debtors in the above-captioned Chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), submit their Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "SOFAs") pursuant to 11 U.S.C. § 521, Rule 1007 of the Federal Rules of Bankruptcy Procedure, and Order of this Court dated March 5, 2012 (Docket Entry No. 97).

1.    These global notes (the "Global Notes") regarding the Debtors' Schedules and SOFAs comprise an integral part of the Schedules and SOFAs filed by the Debtors, and should be referenced in connection with any review of the Schedules and SOFAs.

2.    The Schedules and SOFAs prepared by the Debtors are unaudited, and were prepared to reflect as near as possible the financial condition of the Debtors as of February 28, 2012, the date of commencement of the Debtors' chapter 11 cases (the "Petition Date").  Although the Debtors' management made every reasonable effort to ensure that the Schedules and SOFAs are accurate and complete based on information that was available to them at the time of preparation, inadvertent errors or omissions may

---

[1]    The Debtors, followed by the last four digits of their respective taxpayer identification numbers and Chapter 11 cases numbers, are as follows: The Cliffs Club & Hospitality Group, Inc. (6338) (12-01220); CCHG Holdings, Inc. (1356) (12-01223); The Cliffs at Mountain Park Golf & Country Club, LLC (2842) (12-01225); The Cliffs at Keowee Vineyards Golf & Country Club, LLC (5319) (12-01226); The Cliffs at Walnut Cove Golf & Country Club, LLC (9879) (12-01227); The Cliffs at Keowee Falls Golf & Country Club, LLC (3230) (12-01229); The Cliffs at Keowee Springs Golf & Country Club, LLC (2898) (12-01230); The Cliffs at High Carolina Golf & Country Club, LLC (4293) (12-01231); The Cliffs at Glassy Golf & Country Club, LLC (6559) (12-01234); The Cliffs Valley Golf & Country Club, LLC (6486) (12-01236); Cliffs Club & Hospitality Service Company, LLC (9665) (12-01237).

exist, and subsequent information or discovery may result in material changes to the Schedules and SOFAs, including, but not limited to, the discovery of prepetition invoices that were not available (or that the Debtors had not yet received) at the time the Schedules and SOFAs were prepared.  Accordingly, the Schedules and SOFAs remain subject to further review and verification by the Debtors, and the Debtors reserve the right to amend the Schedules and SOFAs from time-to-time as may be necessary or appropriate.  Nothing contained in the Schedules and SOFAs shall constitute, or be deemed, a waiver of any rights, claims or defenses of the Debtors against any third party, or with respect to any aspect of these chapter 11 cases or any related litigation or arbitration.  Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Bankruptcy Court, nothing contained in the Schedules and SOFAs is intended or should be construed as an admission or stipulation of the validity of any claim against the Debtors, or as a waiver of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party, and the Debtors reserve all rights to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's claim.

3.     The Schedules and SOFAs do not purport to represent financial statements prepared in accordance with U.S. Generally Accepted Accounting Principles.  The preparation of the Schedules and SOFAs required the Debtors to make estimates and assumptions with respect to the reported amounts of assets and liabilities, as well as the amount of contingent assets and contingent liabilities.  Actual results could differ from the Debtors' estimates.

4.     Any failure to designate a claim on the Debtors' Schedules and/or SOFAs as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtors that such claim is not "disputed," "contingent" or "unliquidated."  The Debtors reserve the right to dispute, or to assert offsets or defenses to, any claim reflected on their Schedules and SOFAs as to amount, liability, priority, secured or unsecured status, or classification, or to otherwise designate any claim as "disputed," "contingent" or "unliquidated" by filing and serving an appropriate amendment.  The Debtors reserve the right to amend their Schedules and/or SOFAs as necessary and/or appropriate.

5.     It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets.  Accordingly, unless otherwise indicated, net book values as of the Petition Date are reflected on the Schedules and SOFAs. For this reason, amounts ultimately realized may vary from net book value, and such variances may be material.  In addition, the amounts shown for total liabilities exclude any items identified as "unknown" or "undetermined" and, thus, ultimate liabilities may differ materially from those stated in the Schedules and SOFAs.  The Debtors reserve the right to amend or adjust the value of any asset or liability set forth in the Debtors' Schedules and SOFAs.

6.     Despite reasonable efforts, the Debtors may not have identified and/or set forth all causes of action against third parties in their Schedules and SOFAs.  The Debtors reserve any and all rights with respect to any causes of action they may have, and neither

2

these Global Notes nor the Schedules and SOFAs shall be deemed a waiver of any such causes of action, nor may they be used in any litigation in these, or related to these, chapter 11 cases.

7. Information requested by the Schedules and SOFAs requires the Debtors to make judgments regarding the appropriate category in which information should be presented or how certain parties, claims or other data should be labeled. The Debtors' decisions regarding the category or label to use is based on the best information available as of the filing of these Schedules and SOFAs within the time constraints imposed by the Bankruptcy Code, Bankruptcy Rules and order of the Bankruptcy Court. The Debtors may have also made judgments to exclude certain immaterial assets and liabilities. The Debtors reserve the right to modify, change, supplement or delete any information in the Schedules and SOFAs by amendment, including to the extent some information currently presented should be moved to a different category or labeled in a different way.

8. These Global Notes are in addition to any specific notes set forth in the Schedules, SOFAs and/or herein. The fact that the Debtors may have prepared a specific note with respect to any of the Schedules and SOFAs and not to others should not be interpreted in any way, and specifically should not be interpreted as a decision by the Debtors to exclude the applicability of any Global Note to any of the Debtors' Schedules and SOFAs.

9. All totals that are included in the Schedules and SOFAs represent totals of the liquidated amounts for the individual schedule and/or SOFA entry for which they are listed. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total. The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

10. Potential deferred and/or unaccrued taxes have not been included in the Schedules and SOFAs to the extent the Debtors did not have sufficient information to include at the time of preparation of the Schedules and SOFAs.

11. The Debtors have reported the value of their inventory on a book basis. Where applicable, inventory is presented without consideration for any potential warehousemen's or similar liens.

12. Although the Debtors may have scheduled claims of various creditors as secured claims on Schedule D, except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Bankruptcy Court, the Debtors reserve the right to dispute or challenge the secured nature or the validity of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim. The descriptions provided in Schedule D are intended only to be a summary. Without limiting the foregoing, the inclusion on Schedule D of creditors that have asserted liens of any nature is not intended to be an acknowledgement of the validity, extent, or priority of any such liens, and the Debtors reserve their rights to challenge such liens and the underlying claims on any ground

3

whatsoever, except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Bankruptcy Court.  Reference to the applicable agreements and other related relevant documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing in the Global Notes or the Schedules and SOFAs shall be deemed a modification or interpretation of the terms of any such agreements.

13.    The Debtors reserve the right to dispute or challenge whether creditors listed on Schedule E are entitled to priority claims.  Schedule E does not include (a) priority employee claims that were paid pursuant to the *Order Authorizing, but not Directing, the Debtors to: (i) Pay Prepetition Wages, Salaries, Employee Benefits and Other Compensation and Costs, and (ii) For Financial Institutions to Honor and Process Checks and Transfers Related to Such Obligations* dated March 5, 2012 [Docket Entry No. 90]; or (b) claims of taxing authorities that were paid pursuant to the *Order Authorizing the Payment of Prepetition Trust Fund Taxes in the Ordinary Course of Business* dated March 5, 2012 [Docket Entry No. 92].  Also, the Debtors have omitted from their responses to SOFA question #3b payments made to employees within 90 days of the Petition Date.

14.    The liabilities identified in Schedule F are derived from the Debtors' books and records.  The Debtors have made a reasonable attempt to set forth their unsecured obligations, although the actual amount of claims against the Debtors may vary from those liabilities represented on Schedule F.  The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claim or the correct amount of all unsecured claims.  Parties in interest should not anticipate that the relationship of aggregate asset values and aggregate liabilities set forth in the Schedules and SOFAs will reflect their ultimate recoveries in these cases.  Parties in interest should consult their own professionals and/or advisors with respect to pursuing a claim.  Although the Debtors and their professionals have generated financials that the Debtors believe to be reasonable, actual liabilities and assets may deviate from the Schedules and SOFAs due to certain events that occur throughout the duration of these chapter 11 cases and upon the potential discovery of additional information.

15.    The claims listed on Schedule F arose or were incurred on various dates.  The Debtors do not list a date for each claim listed on Schedule F because such efforts would be unduly burdensome or cost prohibitive.

16.    In certain instances, the Debtors may be co-obligors with respect to scheduled claims or contracts, and no claims or contracts set forth on Schedules D, E, F or G are intended to acknowledge claims or contracts of creditors that are otherwise satisfied or discharged by other entities.

17.    The descriptions provided in Schedules D, E, F or G are intended only to be a summary.  Nothing in the Global Notes or the Schedules and SOFAs shall be deemed to be a modification or interpretation of the terms of any such agreements.  The claims of individual creditors for, among other things, merchandise, goods, or services

4

are listed at the amounts listed on the Debtors' books and records and may not reflect credits or allowances due from such creditor.  The Debtors reserve all of their rights respecting such credits or allowances.

18.     Certain prepetition fixed, liquidated and undisputed unsecured claims owing as of the Petition Date were paid in accordance with certain first-day orders before the date of the filing of the Schedules and SOFAs.  As such, certain Schedules may exclude amounts that were payable as of the Petition Date or liabilities that have been or are expected to be paid pursuant to Court order.

19.     For a very small group of potential general unsecured claimants, the Debtors' books and records contain incomplete information regarding the identification and addresses of certain claimants that may be listed in Schedule F.  The information in the Debtors' books and records, though incomplete, is listed on Exhibit A hereto.  The Debtors will continue in their reasonable efforts to locate the missing information and thereafter determine if it is appropriate to supplement their Schedules and/or SOFAs.

20.     The dollar amounts listed in Schedule F may be exclusive of contingent and unliquidated amounts.  All parties to executory contracts and unexpired leases, including those listed on Schedule G, are holders of contingent and unliquidated unsecured claims arising from (i) obligations under those executory contracts and unexpired leases and/or (ii) rejection damages in the event that any such executory contracts and unexpired leases are rejected.  Not all such claims are included on Schedule F.

21.     The Debtors' businesses are complex.  While commercially reasonable efforts have been made to ensure the accuracy of Schedule G regarding the Debtors' executory contracts and unexpired leases, inadvertent errors, omissions, or over-inclusions may have occurred.  Listing a contract, lease or agreement on Schedule G does not constitute an admission that such contract, lease or agreement is an executory contract or unexpired lease or that such contract, lease or agreement was in effect on the Petition Date or is valid or enforceable.  The Debtors reserve all of their rights to dispute the validity, effectiveness, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G (including, but not limited to, whether any lease is a true lease or financing arrangement) and to amend or supplement Schedule G as necessary.

22.     The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters or other documents, instruments, and agreements which may not be listed therein.  Where the Debtors may be party to an agreement that has expired by its terms, but where all parties thereto continue to operate under the agreement, out of an abundance of caution the Debtors may have listed such agreement on Schedule G.  The Debtors' inclusion of such contracts or agreements on Schedule G is not an admission that any such contract or agreement is an executory contract or unexpired lease.

23.     The Debtors are in possession of certain property and equipment necessary for the continued operations of the Debtors' businesses, which property and equipment may be the subject of leases, contracts or agreements entered into by non-debtor affiliates of the Debtors.  Accordingly, such leases, contracts or agreements may not be listed on Schedule G, but they are reflected on <u>Exhibit B</u> hereto.  Exhibit B further reflects certain agreements that are important to the Debtors' operations, which agreements may have been entered into by non-debtor affiliates of the Debtors.  Omission of any such lease, contract or agreement from Schedule G does not constitute an admission that the Debtors do not have any interest in any such omitted lease, contract or agreement, or in the property or equipment that is the subject thereof.

24.     Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights.  Such rights, powers, duties, and obligations may not be set forth separately on Schedule G.  Nothing in Schedule G shall operate as a bar to the Debtors' right to treat such agreements as severable.  In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as easements, rights of way, subordination agreements, nondisturbance agreements, supplemental agreements, amendments, letter agreements, title agreements, and confidentiality agreements.  Such documents may not be set forth on Schedule G.  Schedule G may not include certain stand alone purchase orders for goods or equipment or nondisclosure agreements.

25.     Omission of a contract, lease or agreement from Schedule G does not constitute an admission that such omitted contract, lease or agreement is <u>not</u> an executory contract or unexpired lease.  The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by any such omission.

26.     Schedule G includes the membership agreements entered into between the Debtors and the members of the Debtors' clubs.  Schedule G for each particular Debtor reflects the members who have designated that particular Debtor as the member's "home club;" however, any such member may have entered into additional membership agreements with one or more of the affiliated Debtors, which additional membership agreements may not be separately identified.

27.     For a very small group of resigned members of the Debtors' clubs, the Debtors' books and records contain incomplete information regarding the identification and addresses of such resigned members who may be listed in Schedule G.  The information in the Debtors' books and records, though incomplete, is listed on <u>Exhibit A</u> hereto.  The Debtors will continue in their reasonable efforts to locate the missing information and thereafter determine if it is appropriate to supplement their Schedules and/or SOFAs.

28.     Schedule A for The Cliffs at High Carolina Golf & Country Club, LLC reflects the net book value of that Debtor's interest in real property, as shown in the

Debtor's books and records; however, the Debtors note that the subject real property is owned by a third party.

29.     The responses to SOFA questions #17a, 17b, and 17c were made to the best of each Debtor's knowledge and by reviewing documents contained in each Debtor's files.  Each Debtor's answers to these questions do not take into account or reflect, as to that particular Debtor's facilities and assets, information from any time period before that Debtor's acquisition of such facilities and assets.

30.     Except as may be otherwise indicated in the SOFAs or the Schedules, the Debtors have included payments made during the one-year period preceding the Petition Date to persons deemed an "insider," as that term is defined in section 101(31) of the Bankruptcy Code.  The Debtors do not take any position with respect to (a) any such person's influence over the control of the Debtors, (b) the management responsibilities or functions of any such person, (c) the decision-making or corporate authority of any such person, or (d) whether any such person could successfully argue that he or she is not an "insider" under applicable law.

31.     The Debtors specifically reserve the right to amend, modify, supplement, correct, change, or alter any part of their Schedules, SOFAs and Global Notes as and to the extent necessary and as they deem appropriate.

*[signature follows]*

7

This 30th day of March, 2012.

_David McAda_
David McAda, Controller

and

/s/ Däna Wilkinson
Däna Wilkinson
District Court I.D. No. 4663
LAW OFFICE OF DÄNA WILKINSON
365-C East Blackstock Road
Spartanburg, SC 29301
864.574.7944 (Telephone)
864.574.7531 (Facsimile)
danawilkinson@danawilkinsonlaw.com

and

MCKENNA LONG & ALDRIDGE LLP

s/ J. Michael Levengood
Gary W. Marsh
Georgia Bar No. 471290
J. Michael Levengood
Georgia Bar No. 447934
Bryan E. Bates
Georgia Bar No. 140856
303 Peachtree Street, Suite 5300
Atlanta, Georgia 30308
404-527-4000 (phone)
404-527-4198 (fax)
gmarsh@mckennalong.com
mlevengood@mckennalong.com
bbates@mckennalong.com

*Counsel for the Debtors and Debtors in Possession*

8

**EXHIBIT A**

| Debtor | Last Name | First Name | Address | Schedule | Claim |
|---|---|---|---|---|---|
| The Cliffs at Keowee Falls Golf & Country Club, LLC | Armstrong | [No First name Listed] | [Address Not Available] | F | $50,000.00 |
| The Cliffs at Keowee Falls Golf & Country Club, LLC | Bohannon - Builder | | [Address Not Available] | F | $500.00 |
| The Cliffs at Glassy Golf & Country Club, LLC | Chen See | Anne Marie | [Address Not Available] | F | Unknown |
| The Cliffs Club & Hospitality Group, Inc. | Crain | Kritain | [Address Not Available] | F | Unknown |
| The Cliffs Club & Hospitality Group, Inc. | David Cox and Regina Cox | | [Address Not Available] | G | N/A |
| The Cliffs at Walnut Cove Golf & Country Club, LLC | DCS2 | | [Address Not Available] | F | $10,000.00 |
| The Cliffs at Glassy Golf & Country Club, LLC | Eberly | Arthur | [Address Not Available] | F | $6.75 |
| The Cliffs at Keowee Falls Golf & Country Club, LLC | Fish-RE | | [Address Not Available] | F | $500.00 |
| The Cliffs at Keowee Vineyards Golf & Country Club, LLC | Flandry | Robert | [Address Not Available] | G | N/A |
| The Cliffs Club & Hospitality Group, Inc. | Goldsmith | Mason | [Address Not Available] | F | $1,000.00 |
| The Cliffs Club & Hospitality Group, Inc. | Hallman | Diane | [Address Not Available] | F | Unknown |
| The Cliffs at Glassy Golf & Country Club, LLC | Johnson | [No First name Listed] | [Address Not Available] | F | $35,000.00 |
| The Cliffs at Keowee Springs Golf & Country Club, LLC | Johnson | [No First name Listed] | [Address Not Available] | F | $80,000.00 |
| The Cliffs at Keowee Springs Golf & Country Club, LLC | Johnson | [No First name Listed] | [Address Not Available] | G | N/A |
| The Cliffs at Glassy Golf & Country Club, LLC | Keuper | Penelope | [Address Not Available] | F | $14,000.00 |
| The Cliffs at Walnut Cove Golf & Country Club, LLC | Land of WNC, LLC | | [Address Not Available] | F | Unknown |

| | | | | | |
|---|---|---|---|---|---|
| The Cliffs Valley Golf & Country Club, LLC | Logan | Anne | [Address Not Available] | F | $10,000.00 |
| The Cliffs at Keowee Vineyards Golf & Country Club, LLC | Lutot | Wendy | [Address Not Available] | F | $10,000.00 |
| The Cliffs at Glassy Golf & Country Club, LLC | Mainous | Carolyn | [Address Not Available] | G | N/A |
| The Cliffs at Walnut Cove Golf & Country Club, LLC | Mayfair Prop (Tyner) | | [Address Not Available] | F | $500.00 |
| The Cliffs at Walnut Cove Golf & Country Club, LLC | McDonald – Builder | | [Address Not Available] | F | $500.00 |
| The Cliffs at Glassy Golf & Country Club, LLC | McLain | Mark | [Address Not Available] | F | Unknown |
| The Cliffs Club & Hospitality Group, Inc. | McLain | Mary | [Address Not Available] | F | Unknown |
| The Cliffs at Walnut Cove Golf & Country Club, LLC | Meadow Development | | [Address Not Available] | F | $25,000.00 |
| The Cliffs at Walnut Cove Golf & Country Club, LLC | Mtn Properties | | [Address Not Available] | F | $10,000.00 |
| The Cliffs at Keowee Springs Golf & Country Club, LLC | O'Brian & Robinson | | [Address Not Available] | F | $35,000.00 |
| Cliffs Club & Hospitality Service Company, LLC | Progress Energy Carolinas, Inc | | [Address Not Available] | F | $3,951.91 |
| The Cliffs at Keowee Springs Golf & Country Club, LLC | Robertson | [No First name Listed] | [Address Not Available] | F | $35,000.00 |
| The Cliffs at Keowee Springs Golf & Country Club, LLC | Rogers | [No First name Listed] | [Address Not Available] | F | $35,000.00 |
| The Cliffs at Glassy Golf & Country Club, LLC | Sanders | Jim | [Address Not Available] | F | $15,000.00 |
| The Cliffs at Walnut Cove Golf & Country Club, LLC | SFT LLC | | [Address Not Available] | F | $10,000.00 |
| The Cliffs Valley Golf & Country Club, LLC | Stall | Elizabeth | [Address Not Available] | F | $12,500.00 |
| The Cliffs at Keowee Vineyards Golf & Country Club, LLC | Steele | Jim | [Address Not Available] | F | $75,000.00 |

10

| The Cliffs at Glassy Golf & Country Club, LLC | Talley | Michael | [Address Not Available] | F | $27,500.00 |
|---|---|---|---|---|---|
| The Cliffs Valley Golf & Country Club, LLC | Talley | Michael | [Address Not Available] | F | $17,000.00 |
| The Cliffs Valley Golf & Country Club, LLC | Vassoc | | [Address Not Available] | F | $15,000.00 |
| The Cliffs at Keowee Vineyards Golf & Country Club, LLC | Wenger | William | Address not Available | F | $35,000.00 |

**EXHIBIT B**

| Vendor | Acct Number | Description |
|---|---|---|
| Agricredit Acceptance, LLC | 101-0343652-000 | Glassy Fleet |
| Agricredit Acceptance, LLC | 101-0348102-000 | Lease of Beverage Car |
| Agricredit Acceptance, LLC | 101-0363435-000 | Valley Golf Cart Fleet |
| Agricredit Acceptance, LLC | 101-0366530-000 | Falls Golf Cart Fleet |
| Billtrust | CLIFFSCOMMUNITIES | Billing Contract |
| CWI Benefits | n/a | Health Insurance |
| Ecolab Inc. | 16014623 | Glassy Dishwasher |
| Ecolab Inc. | 18040283, 18040853 | Keowee Vineyards Dishwasher |
| Fazio Golf Designers, Inc. | n/a | Design Agreement |
| Fidelity_401K | Plan Number 28403 | 401K / Insurance |
| Freeman Gas | various | Propane Pricing Agreement |
| Gary Player Inc. (Design) | n/a | Design Agreement |
| Gary Player Inc. Tournament | n/a | Tournament Agreement |
| IRFS-Club Car | 111-0230463-012 | Springs Golf Cart Fleet |
| IRFS-Club Car | 111-0230463-010 | Springs Utility Cart |
| IRFS-Club Car | 111-0230463-011 | Walnut Cove Golf Fleet |
| IRFS-Club Car | 111-0230463-009 | Vineyards Golf Fleet |
| Nicklaus Design, LLC | n/a | Design Agreement |
| PNC National City Golf Finance | 122225000 | Vineyards and Glassy Golf Maintenance Equipment |
| PNC_National City Golf Finance | 123037000 | Vineyards and Glassy Golf Maintenance Equipment |
| Schindler Elevator Corporation | 5000145626  (for Corp I) | Valley Elevator |
| Smith Turf & Irrigation Co. | 44582 | Toro Equipment |
| Tiger Woods Design, Inc. | n/a | Design Agreement |

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF SOUTH CAROLINA**

| In re   The Cliffs Club & Hospitality Group, Inc. | Case No.  12-01220 |
|---|---|
| Debtor | Chapter 11 |

## FORM 7 - STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor.  Spouses filing a joint petition may file a single statement on which the information for both spouses is combined.  If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C.§112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors.  Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25.  If the answer to an applicable question is "None," mark the box labeled "None."  If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership.  An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor may also be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."*   The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor.  11 U.S.C. § 101.

**FORM 7 - STATEMENT OF FINANCIAL AFFAIRS**

In re  The Cliffs Club & Hospitality Group, Inc.                              Case No.  12-01220

---

    **1.  Income from employment or operation of business**

None
☒
    State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income.  Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | FISCAL YEAR | SOURCE |
| --- | --- | --- |

---

    **2.  Income other than from employment or operation of business**

None
☒
    State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the two years immediately preceding the commencement of this case.  Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | FISCAL YEAR | SOURCE |
| --- | --- | --- |

---

    **3.  Payment to creditors**

    **Complete a. or b., as appropriate and c.**

None
☒
    a. Individual or Joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases of goods or services and other debts to any creditor, made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
| --- | --- | --- | --- |

---

**FORM 7 - STATEMENT OF FINANCIAL AFFAIRS**

In re  The Cliffs Club & Hospitality Group, Inc.                                                      Case No.  12-01220

---

### 3.   Payment to creditors (continued)

None   b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor
[X]        made within 90 days immediately preceding the commencement of the case if the aggregate value of all
           property that constitutes or is affected by such transfers is not less than $5850. If the debtor is an
           individual, indicate with an asterisk(*) any payments what were made to a creditor on account of a
           domestic support obligation or as part of an alternative repayment schedule under a plan by an approved
           nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13
           must include payments and other transfers by either or both spouses whether or not a joint petition is filed,
           unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
| --- | --- | --- | --- |

---

### 3.   Payment to creditors (continued)

None   c. All Debtors: List all payments made within one year immediately preceding the commencement of this
[X]        case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or
           chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless
           the spouses are separated and
           a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
| --- | --- | --- | --- |

---

### 4.   Suits and administrative proceedings, executions, garnishments and attachments

None   a. List all suits and administrative proceedings to which the debtor is or was a party within one year
[ ]        immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or
           chapter 13 must include information concerning either or both spouses whether or not a joint petition is
           filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
| --- | --- | --- | --- |
| Please see attached Rider 4.a. | | | |

---

**FORM 7 - STATEMENT OF FINANCIAL AFFAIRS**

In re  The Cliffs Club & Hospitality Group, Inc.                                    Case No.  12-01220

---

### 4. Suits and administrative proceedings, executions, garnishments and attachments (Continued)

None
[X]   b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

### 5. Repossessions, foreclosures and returns

None
[ ]   List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

Please refer to attached Rider 4a.

---

### 6. Assignments and receiverships

None
[X]   a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

---

### 6. Assignments and receiverships (Continued)

None
[X]   b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT, CASE TITLE AND NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**FORM 7 - STATEMENT OF FINANCIAL AFFAIRS**

In re  The Cliffs Club & Hospitality Group, Inc.                                    Case No.  12-01220

---

### 7.  Gifts

None
☒

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON  OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

---

### 8.  Losses

None
☒

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

---

### 9.  Payments related to debt counseling or bankruptcy

None
☒

List all payments made or property transferred  by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

---

**FORM 7 - STATEMENT OF FINANCIAL AFFAIRS**

In re  The Cliffs Club & Hospitality Group, Inc.                              Case No.   12-01220

---

### 10.  Other transfers

None    a. List all other property, other than property transferred in the ordinary course of the business or financial
☐         affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the
          commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers
          by either or both  spouses whether or not a joint petition is filed, unless the spouses are separated and a
          joint petition is not filed.)

NAME AND ADDRESS
OF TRANSFEREE,
RELATIONSHIP TO DEBTOR

See pp. 13-15 of the Declaration of Timothy P. Cherry in Support of First Day Motions [Docket Entry No. 44],
describing, inter alia, the Debtor's granting of a security interest in and a continuing lien on all of its right, title
and interest in, to and under all of its personal property pursuant to that certain Pledge and Security
Agreement dated as of April 30, 2010 in connection with that certain Indenture dated as of April 30, 2010.

---

### 10.  Other transfers (continued)

None    b. List all other property transferred by the debtor within ten years immediately preceding the commencement
☒         of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| | | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF |
| NAME OF TRUST OR OTHER DEVICE | DATES OF TRANSFER(S) | PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

---

### 11.  Closed financial accounts

None    List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor
☒       which were closed, sold, or otherwise transferred within one year immediately preceding the
        commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit,
        or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives,
        associations, brokerage houses and other financial institutions.  (Married debtors filing under chapter 12 or
        chapter 13 must include information concerning accounts or instruments held by or for either or both
        spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not
        filed.)

| | TYPE OF ACCOUNT, LAST FOUR | |
| NAME AND | DIGITS OF ACCOUNT NUMBER, | AMOUNT AND DATE |
| ADDRESS OF INSTITUTION | AND AMOUNT OF FINAL BALANCE | OF SALE OR CLOSING |
| --- | --- | --- |

---

**FORM 7 - STATEMENT OF FINANCIAL AFFAIRS**

In re  The Cliffs Club & Hospitality Group, Inc.                                    Case No.  12-01220

---

### 12.  Safe deposit boxes

None
☒

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

---

### 13.  Setoffs

None
☒

List all setoffs made by any creditor, including a bank, against a debt or debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition s filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

---

### 14.  Property held for another person

None
☐

List all property owned by another person that the debtor holds or controls.

NAME AND ADDRESS OF OWNER

See paragraph 23 of the Global Notes to Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Global Notes"), reflecting that the Debtors are in possession of certain property and equipment necessary to the continued operations of the Debtors' businesses, which property and equipment may be the subject of leases and contracts entered into by non-debtor affiliates of the Debtors. Such leases and contracts are reflected on an exhibit to the Global Notes.

---

### 15.  Prior address of debtor

None
☒

If the debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during the period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separated address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

---

**FORM 7 - STATEMENT OF FINANCIAL AFFAIRS**

In re  The Cliffs Club & Hospitality Group, Inc.                                   Case No.  12-01220

### 16. Spouses and Former Spouses

None
[X]

If debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

### 17.  Environmental Information

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into air, land, soil, surface water, ground water, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None
[X]

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

### 17.  Environmental Information (continued)

None
[X]

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

**FORM 7 - STATEMENT OF FINANCIAL AFFAIRS**

In re  The Cliffs Club & Hospitality Group, Inc.                                    Case No.  12-01220

---

### 17.  Environmental Information (continued)

None
☒

c.  List all judicial or administrative proceeding, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceedings, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

### 18.  Nature, location, and name of business

None
☐

a.  If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietorship, or was a self-employed in a trade, profession or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting share or equity securities within six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all business in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting equity securities within six years immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| The Cliffs at Mountain Park Golf & Country Club, LLC | XXXXX-2842 | 3598 Highway 11 Travelers Rest, South Carolina 29690 | Own, develop, and operate a country club | 10/18/2006 |
| The Cliffs at Keowee Vineyards Golf & Country Club, LLC | XXXXX-5319 | 3598 Highway 11 Travelers Rest, South Carolina 29690 | Own and operate a country club | 10/13/1997 |
| The Cliffs at Walnut Cove Golf & Country Club, LLC | XXXXX-9879 | 3598 Highway 11 Travelers Rest, South Carolina 29690 | Own and operate a country club | 1/10/2002 |
| The Cliffs at Keowee Falls Golf & Country Club, LLC | XXXXX-3230 | 3598 Highway 11 | Own and operate a | 11/22/2002 |

**FORM 7 - STATEMENT OF FINANCIAL AFFAIRS**

In re  The Cliffs Club & Hospitality Group, Inc.                                    Case No.  12-01220

### 18.  Nature, location, and name of business

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|
| | | Travelers Rest, South Carolina 29690 | country club | |
| The Cliffs at Keowee Springs Golf & Country Club, LLC | XXXXX-2898 | 3598 Highway 11 Travelers Rest, South Carolina 29690 | Own and operate a country club | 10/6/2006 |
| The Cliffs at High Carolina Golf & Country Club, LLC | XXXXX-4293 | 3598 Highway 11 Travelers Rest, South Carolina 29690 | Own, develop, and operate a country club | 7/10/2007 |
| The Cliffs at Glassy Golf & Country Club, LLC | XXXXX-6559 | 3598 Highway 11 Travelers Rest, South Carolina 29690 | Own and operate a country club | 11/24/2009 |
| The Cliffs Valley Golf & Country Club, LLC | XXXXX-6486 | 3598 Highway 11 Travelers Rest, South Carolina 29690 | Own and operate a country club | 11/24/2009 |
| Cliffs Club & Hospitality Service Company, LLC | XXXXX-9665 | 3598 Highway 11 Travelers Rest, South Carolina 29690 | Management services for affiliated country clubs | 2/5/2010 |

### 18.  Nature, location, and name of business (continued)

None
[X]  b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. §101.

NAME                                                    ADDRESS

**FORM 7 - STATEMENT OF FINANCIAL AFFAIRS**

In re  The Cliffs Club & Hospitality Group, Inc.                                    Case No.   12-01220

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following:  an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed in a trade, profession or other activity, either full- or part-time.

(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case.  A debtor who has not been in business within those six years should go directly to the signature page.)

### 19.  Books, records and financial statements

None   a. List all bookkeepers and accountants who within  the two years immediately preceding the filing of this
☐         bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| Chris Koepper, Controller | 4/10/2010 - 12/31/2010 |
| Harris Robinson, Controller | 1/1/2011 - 5/31/2011 |
| David M. McAda<br>Controller<br>3598 Highway 11<br>Travelers Rest, SC 29690 | 6/1/2011 - 2/28/2012 |
| Timothy Cherry<br>3598 Highway 11<br>Travelers Rest, SC 29690 | 6/1/2011 - 2/28/2012 (as Interim President and Chief Executive Officer of The Cliffs Club & Hospitality Group, Inc. and CCHG Holdings, Inc.);<br>3/9/2010 - 6/1/2011 (as Treasurer of CCHG Holdings, Inc.);<br>11/24/2009 - 6/1/2011 (as Treasurer of The Cliffs Club & Hospitality Group, Inc.) |

---

### 19.  Books, records and financial statements (continued)

None   b. List all firms or individuals who within two years immediately preceding the filing of this bankruptcy case
☐         have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| Elliott Davis LLC | 200 East Broad Street<br>Greenville, SC 29601 | Through January 2011 |
| Moore Stephens Tiller LLC | 780 Johnson Ferry Rd NE #325<br>Atlanta, GA 30342 | May 2011 - present (please note that while Moore Stephens Tiller LLC has been engaged as an auditor, they have not yet completed an audit) |
| See also bookeepers and accountants listed in the Debtor's Response to Question 19.a. | | |

**FORM 7 - STATEMENT OF FINANCIAL AFFAIRS**

In re  The Cliffs Club & Hospitality Group, Inc.                                                    Case No.  12-01220

---

### 19. Books, records and financial statements (continued)

None   c. List all firms or individuals who at the time of the commencement of this case were in possession of the
☐         books of account and records of the debtor.  If any of the books of account and records are not available,
          explain.

| NAME | ADDRESS |
| --- | --- |
| David McAda<br>Controller | 3598 Highway 11<br>Travelers Rest, SC 29690 |
| Timothy Cherry<br>Interim President and Chief Executive Officer (now resigned) | 3598 Highway 11<br>Travelers Rest, SC 29690 |

---

### 19. Books, records and financial statements (continued)

None   d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom
☐         a financial statement was issued by the debtor within the two years immediately preceding the
          commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
| --- | --- |
| In the ordinary course of business, the Debtor has provided a financial statement to numerous investors, banks, members, suppliers and rating agencies.  Details regarding such disclosures are not readily available. | |

---

### 20. Inventories

None   a. List the dates of the last two inventories taken of your property, the name of the person who supervised the
☒         taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY<br>(Specify cost, market or other basis) |
| --- | --- | --- |

---

**FORM 7 - STATEMENT OF FINANCIAL AFFAIRS**

In re  The Cliffs Club & Hospitality Group, Inc.                                         Case No.  12-01220

---

### 20.  Inventories (continued)

None  b. List the name and address of the person having possession of the records of each of the  inventories
[X]      reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESS OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

---

### 21.  Current Partners, Officers, Directors and Shareholders

None  a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the
[X]      partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

---

### 21.  Current Partners, Officers, Directors and Shareholders (continued)

None  b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who
[ ]      directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the
         corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| CCHG Holdings, Inc. 3598 Highway 11 Travelers Rest, SC 29690 | N/A | 100% Shareholder |
| Timothy Cherry 3598 Highway 11 Travelers Rest, SC 29690 | Director | N/A |
| Geoff Carey 3598 Highway 11 Travelers Rest, SC 29690 | Executive Vice President; Secretary; Director | N/A |
| David Sawyer 3598 Highway 11 Travelers Rest, SC 29690 | Treasurer; Director | N/A |
| Steve Humphrey 3598 Highway 11 Travelers Rest, SC 29690 | Director | N/A |
| Dave Bailey 3598 Highway 11 Travelers Rest, SC 29690 | Director | N/A |
| Brett Kist 3598 Highway 11 | Director | N/A |

**FORM 7 - STATEMENT OF FINANCIAL AFFAIRS**

In re  The Cliffs Club & Hospitality Group, Inc.                                    Case No.  12-01220

---

### 21. Current Partners, Officers, Directors and Shareholders (continued)

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| Travelers Rest, SC 29690 | | |

---

### 22. Former partners, officers, directors and shareholders

None
[X]

a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|
| | | |

---

### 22. Former partners, officers, directors and shareholders (continued)

None
[ ]

b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| J. Scott Carlton 722 E. McBee Avenue Greenville, SC 29601 | President | September 2011 |
| Nate Weyand Querencia at Barton Creek 2500 Barton Creek Blvd. Austin, TX 78735 | Secretary | December 2011 |

---

### 23. Withdrawals from a partnership or distributions by a corporation

None
[X]

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| | | |

---

**FORM 7 - STATEMENT OF FINANCIAL AFFAIRS**

In re  The Cliffs Club & Hospitality Group, Inc.                                      Case No.  12-01220

---

### 24.  Tax Consolidation Group

None
☐          If the debtor is a corporation, list the name and federal taxpayer identification number of the parent
           corporation of any consolidated group for tax purpose of which the debtor has been a member at any time
           within six years immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER |
| --- | --- |
| The Debtor has elected Subchapter S status and is consolidated for tax purposes with its ultimate parent The Cliffs Communities, Inc. | 57-1112849 |

---

### 25.  Pension Funds

None
☒          If the debtor is not an individual, list the name and federal taxpayer identification number of any pension
           fund to which the debtor, as an employer, has been responsible for contributing at any time within six years
           immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER |
| --- | --- |

Form 7

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

_____          _____
Date                                     Signature of Debtor


_____          _____
Date                                     Signature of Joint Debtor (if any)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

___Friday, March 30, 2012___          _____
Date                                  Signature

                                      ___David McAda_____
                                      Print Name

                                      ___Controller_____
                                      Title

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

_____continuation sheets attached

Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. § 152 and 3571

IN RE: THE CLIFFS CLUB & HOSPITALITY GROUP, INC.
d/b/a THE CLIFFS GOLF & COUNTRY CLUB                                                     CASE NO. 12-01220

SOFA 4A
SUITS AND ADMINISTRATIVE PROCEEDINGS, EXECUTIONS, GARNISHMENTS AND ATTACHMENTS

| CAPTION | CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|---|
| Helena Chemical Company  vs.  The Cliffs Club & Hospitality Group, Inc. | 2011_CP-23-452 | Mechanic Lien Foreclosure | Court of Common Pleas_Greenville Co | Pending |
| Leonard Herb, Anne Marie Chen See, Constance M . Glavin, Tom Crain, Kritain Crain, Dan Hallman, Diane Hallman, Mark McLain, Mary McLain  vs.  The Cliffs Communities, Inc. The Cliffs at Glassy Golf & Country Club, LLC, The Cliffs Club & Hospitality Group, Inc. and The Cliffs Golf & Country Club, Inc. | 2012-CP-23-761 | Commercial Suit | Court of Common Pleas_Greenville Co | Pending |
| Felzer Golf vs. The Cliffs Club & Hospitality Group, Inc. | Not Available | Mechanics Lien | | Settled |

Page 1 of 1