**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

|  |  |
|---|---|
| In re: | Chapter 11 |
| The Cliffs Club & Hospitality Group, Inc., et al.,[1] d/b/a The Cliffs Golf & Country Club, | Case No. 12-01220-JW |
|  | Jointly Administered |
| Debtors. |  |

**FIRST INTERIM APPLICATION FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF
BINGHAM MCCUTCHEN LLP AS COUNSEL TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS
<u>FOR THE PERIOD MARCH 7, 2012 THROUGH MAY 31, 2012</u>**

| | |
|---|---|
| Name of Applicant: | Bingham McCutchen LLP |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | *nunc pro tunc* to March 7, 2012 |
| Period for which Compensation and reimbursement is sought: | March 7, 2012 through May 31, 2012 |
| Amount of compensation sought as actual, reasonable and necessary: | $244,882.50 |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | <u>$ 7,376.34</u> |

This is an  x   interim                              __  final application

This is the first interim fee application filed by Bingham McCutchen LLP in these cases.

---

[1] The Debtors, followed by the last four digits of their respective taxpayer identification numbers, are as follows: The Cliffs Club & Hospitality Group, Inc. (6338); CCHG Holdings, Inc. (1356); The Cliffs at Mountain Park Golf & Country Club, LLC (2842); The Cliffs at Keowee Vineyards Golf & Country Club, LLC (5319); The Cliffs at Walnut Cove Golf & Country Club, LLC (9879); The Cliffs at Keowee Falls Golf & Country Club, LLC (3230); The Cliffs at Keowee Springs Golf & Country Club, LLC (2898); The Cliffs at High Carolina Golf & Country Club, LLC (4293); The Cliffs at Glassy Golf & Country Club, LLC (6559); The Cliffs Valley Golf & Country Club, LLC (6486); Cliffs Club & Hospitality Service Company, LLC (9665).

**CUMULATIVE SUMMARY OF MONTHLY APPLICATIONS
FOR THE CURRENT APPLICATION PERIOD**

| Period Covered | Total Fees Requested | Total Expenses Requested | 80% Partial Payment of Fees | 100% Expenses Paid | Amount of Holdback Fees Sought |
|---|---|---|---|---|---|
| 03/07/2012 - 03/31/2012 | $100,889.50 | $1,462.27 | $80,711.60 | $1,462.27 | $20,177.90 |
| 04/01/2012 - 04/30/2012 | 77,950.00 | 2,276.59 | 62,360.00 | 2,276.59 | 15,590.00 |
| 05/01/2012 - 05/31/2012 | 66,043.00 | 3,637.48 | Pending | Pending | 13,208.60 |
| TOTAL | **$244,882.50** | **$7,376.34** | | | |

**COMPENSATION BY PROJECT CATEGORY**

| Description | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 34.0 | $18,232.50 |
| Fee/Employment Matters | 30.5 | 10,009.50 |
| Meeting of Creditors | 65.5 | 51,072.00 |
| Financing | 38.5 | 28,462.50 |
| Relief from Stay Proceedings | .3 | 255.00 |
| Fee/Employment Objections | .9 | 765.00 |
| Business Operations | 52.2 | 43,719.00 |
| Asset Disposition | 32.5 | 26,323.00 |
| Asset Analysis and Recovery | 3.3 | 2,805.00 |
| Claims Administration and Objections | 27.4 | 19,574.00 |
| Litigation | 3.6 | 3,060.00 |
| Plan and Disclosure Statement | 15.9 | 13,406.50 |
| General Review of Pleadings | 3.2 | 2,456.50 |
| Non-working Travel | 25.5 | 21,675.00 |

| Description | Total Hours | Total Fees |
|---|---|---|
| General Court Attendance | 3.9 | 3,067.00 |
| **GRAND TOTAL OF FEES** | 337.2 | $244,882.50 |

## SUMMARY OF TIMEKEEPERS

**Attorneys**

| Timekeeper | Position | Year Admitted | Expertise | Total Billed Hours | Hourly Billing Rate | Amount |
|---|---|---|---|---|---|---|
| Jonathan B. Alter | Partner | 1989 | Financial Restructuring | 198.1 | $850.00 | $168,385.00 |
| Stephanie W. Mai | Counsel | 2002 | Financial Restructuring | 90.7 | 695.00 | 63,036.50 |
| Michael J. Reilly | Partner | 1976 | Financial Restructuring | 1.0 | 900.00 | 900.00 |
|  |  |  |  |  |  |  |
| **TOTAL (Attorneys)** |  |  |  | **289.8** |  | **$232,321.50** |
| **BLENDED RATE (Attorneys)** |  |  |  |  | **$801.66** |  |

**Non-Attorneys**

| Timekeeper | Position | Year Admitted | Expertise | Total Billed Hours | Hourly Billing Rate | Amount |
|---|---|---|---|---|---|---|
| Linda J. Miller | Paralegal | n/a | Financial Restructuring | 47.4 | $265.00 | $12,561.00 |
| **TOTAL (Non-Attorneys)** |  |  |  | **47.4** |  | **$12,561.00** |
|  |  |  |  |  |  |  |
| **GRAND TOTAL OF FEES** |  |  |  | **337.2** |  | **$244,882.50** |

## SUMMARY OF EXPENSES

| Category | Amount |
|---|---|
| Document Scanning Charges | $20.10 |
| Electronic Research | $88.40 |
| General | $93.49 |
| Meals - In-House (Breakfast, Lunch, Dinner) | $617.85 |
| Out of Town Accommodations | $1,902.06 |
| Outside Copy & Printing Services | $10.95 |
| Parking | $138.90 |
| Photocopy | $73.20 |
| Postage | $57.20 |
| Printer Copy Charges | $71.40 |
| Teleconferencing | $54.80 |
| Travel (Car rental, taxi, tolls, parking etc) | $532.72 |
| Travel Air, Travel Rail | $3,215.77 |
| Westlaw Research | $499.50 |
| **GRAND TOTAL OF EXPENSES** | **$7,376.34** |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| The Cliffs Club & Hospitality Group, Inc., et al.,[1] d/b/a The Cliffs Golf & Country Club, | ) Case No. 12-01220-JW |
| | ) Jointly Administered |
| Debtors. | ) |

**FIRST INTERIM APPLICATION FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF
BINGHAM MCCUTCHEN LLP AS COUNSEL TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR THE PERIOD MARCH 7, 2012 THROUGH MAY 31, 2012**

**TO THE HONORABLE JOHN E. WAITES,
CHIEF UNITED STATES BANKRUPTCY JUDGE:**

Bingham McCutchen LLP ("**Bingham**") hereby submits this first interim application (this "**Application**") pursuant to Sections 330 and 331 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq*. (as amended, the "**Bankruptcy Code**"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for allowance of compensation in the amount of $244,882.50 for professional services rendered by Bingham on behalf of the Official Committee of Unsecured Creditors (the "**Committee**") of The Cliffs Club & Hospitality Group, Inc., et al., d/b/a The Cliffs Golf & Country Club, debtors and debtors-in-

---

[1] The Debtors, followed by the last four digits of their respective taxpayer identification numbers, are as follows: The Cliffs Club & Hospitality Group, Inc. (6338); CCHG Holdings, Inc. (1356); The Cliffs at Mountain Park Golf & Country Club, LLC (2842); The Cliffs at Keowee Vineyards Golf & Country Club, LLC (5319); The Cliffs at Walnut Cove Golf & Country Club, LLC (9879); The Cliffs at Keowee Falls Golf & Country Club, LLC (3230); The Cliffs at Keowee Springs Golf & Country Club, LLC (2898); The Cliffs at High Carolina Golf & Country Club, LLC (4293); The Cliffs at Glassy Golf & Country Club, LLC (6559); The Cliffs Valley Golf & Country Club, LLC (6486); Cliffs Club & Hospitality Service Company, LLC (9665).

possession (the "**Debtors**") in the within chapter 11 cases (the "**Chapter 11 Cases**"), for the period commencing on March 7, 2012 through and including May 31, 2012 (the "**Application Period**"), and for reimbursement of actual and necessary expenses incurred by Bingham during the Application Period in connection with the rendition of such professional services in the amount of $7,376.34. In support of its Application, Bingham respectfully represents as follows:

## BACKGROUND

1. On February 28, 2012 (the "**Petition Date**"), the Debtors filed their voluntary petitions for relief with this Court under chapter 11 of the Bankruptcy Code.

2. The Debtors continue to operate their businesses and manage their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases.

3. On March 12, 2012, the United States Trustee for Region 4 (the "**U.S. Trustee**"), pursuant to section 1102(a) of the Bankruptcy Code, appointed the Committee pursuant to that certain Fourth Amended Appointment of Committee of Unsecured Creditors [Doc. No. 141] to represent the interests of the Debtors' unsecured creditors in these Chapter 11 Cases.

4. By order entered on March 26, 2012, the Committee was authorized to employ Bingham as its counsel *nunc pro tunc* to March 7, 2012.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this

district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code.

## PROCEDURES

6. Bingham has complied with (i) the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "**U.S. Trustee Guidelines**") and (ii) the Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals [Doc. No. 206], dated March 26, 2012 (the "**Compensation Procedures Order**").

7. Pursuant to the terms of the Compensation Procedures Order, if no objection to a duly appointed professional's monthly statement is filed within fourteen (14) days of the date of serving such monthly statement, then the Debtors shall promptly pay such professional eighty percent (80%) of the fees and one hundred percent (100%) of the expenses set forth in the applicable monthly statement.

8. Pursuant to the terms of the Compensation Procedures Order, at four-month intervals, each professional shall file with the Court an application for interim Court approval and allowance of the compensation and reimbursement of the expenses requested; however, at the request of the U.S. Trustee and this Court, the Application Period has been changed to three-month intervals.

9. Bingham has not entered into any agreement, express or implied, with any other party for the purposes of fixing or sharing fees or other compensation to be paid for professional services rendered in these cases. No promises have been received by Bingham or

any member thereof as to compensation in connection with these Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code.

## CASE STATUS

10. On May 22, 2012, the Debtors filed the Joint Chapter 11 Plan of Reorganization Filed by the Debtors and the Plan Sponsor [Doc. No. 365] (as may be amended from time to time, the "**Plan**"), together with their Disclosure Statement [Doc. No. 366] (as may be amended from time to time, the "**Disclosure Statement**"). A hearing on the Disclosure Statement is scheduled for July 2, 2012.

11. On Bingham's information and belief, as of the filing date of this Application, all quarterly fees due and owing to the United States Trustee have been paid. Monthly Operating Reports have been filed for the monthly periods ending March and April 2012.

## APPLICATION

12. By this Application, Bingham seeks allowance of (a) compensation for professional services rendered by Bingham, as counsel for the Committee, during the Application Period and (b) reimbursement of expenses incurred by Bingham in connection with such services during the Application Period.

13. The fees and expenses for which Bingham requests allowance of compensation and reimbursement relate to the Application Period and were rendered in connection with these Chapter 11 Cases and in the exercise of Bingham's professional responsibilities as lead counsel to the Committee. Bingham respectfully submits that the services rendered by it during the Application Period were at the request of the Committee and in all respects have been reasonable, necessary and beneficial to the Committee and to the Debtors' estates.

14. Bingham maintained daily records of the time spent rendering professional services during the Application Period.

15. Attorneys and paraprofessionals at Bingham expended 337.2 hours during the Application Period.

16. The blended billing rate for Bingham attorneys during the Application Period was $801.66 per hour. The rates charged by Bingham for services rendered are based on Bingham's regular hourly rates applicable to the performance of legal services in cases other than under the Bankruptcy Code.

17. Exhibit A attached hereto contains a statement, sorted by case project category, which shows the time recorded by professionals and paraprofessionals and descriptions of the services provided, as well as a summary chart by billing professional for each project category.

18. Preceding this Application are summary schedules that set forth (a) the number of hours expended by the individual attorneys and paraprofessionals, (b) the year in which each attorney was licensed to practice law, (c) the position of each attorney and paraprofessional, (d) the standard hourly rate that Bingham charges for the same or similar services of each attorney or paraprofessional in matters other than under the Bankruptcy Code, and (e) the total fees attributable to all such services rendered by each attorney or paraprofessional.

19. Bingham also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with its rendition of services. The summary preceding this Application includes a breakdown of expenses incurred during the Application Period. The detail for such expenses is attached to this Application as Exhibit B. The expenses for which Bingham seeks reimbursement include the following, among others:

- Duplicating. Bingham charges $.20 per page for internal copying; copies billed by third party vendors (where indicated) are charged at the invoiced cost thereof.
- Teleconferencing. Bingham no longer charges for long distance calls; teleconferencing is billed at actual cost.
- Electronic Research. Bingham's practice is to bill clients for Lexis, Westlaw and Pacer research at the actual cost, which does not include amortization for maintenance and equipment.
- Travel. Airfare is billed at the coach rate in effect at the time of travel.

20. Bingham has endeavored to represent the Committee in the most expeditious and economical manner possible. Tasks have been assigned to attorneys, paralegals, and other support staff at Bingham so that work has been performed by those most familiar with the particular matter or task and, where attorney or paralegal involvement was required, by the lowest hourly rate professional appropriate for a particular matter. To the extent multiple professionals at Bingham participated in the same conference call, meeting or hearing, this was necessary in order to address bankruptcy issues handled by the particular professional. Moreover, essentially only two attorneys have been involved in this representation from Bingham in an attempt to render services as economically as possible. Moreover, Bingham has coordinated with John B. Butler III, P.A. ("**Butler**"), local counsel to the Committee in these Chapter 11 Cases, so as to minimize any duplication of effort.

21. This Application has been sent to the Committee Chair for approval prior to filing.

### SUMMARY OF PROFESSIONAL SERVICES RENDERED

22. The services rendered by Bingham during the Application Period have been segregated into several distinct categories in accordance with the U.S. Trustee's Guidelines.

6

Each such category is described in more detail below and with reference to the detailed time entries annexed hereto as Exhibit A.

23.  The following summary is intended to focus only on key services rendered by Bingham in billing categories in which Bingham has expended a significant number of hours on behalf of the Committee, and is not intended to be a detailed description of all work performed. Detailed descriptions of the services provided by Bingham and the time spent performing these services are set forth in Exhibit A. Those detailed descriptions demonstrate that Bingham has been extensively involved in the performance of myriad services for the Committee on a daily basis.

**Case Administration (34.0 hours; $18,232.50)**

24.  The time expended by Bingham in this category relates to general administrative matters, including periodic analysis of case status, review of notices to identify and track deadlines, preparation for meetings, correspondence and communications with unsecured creditors as to current issues on a public information basis, communications with Debtors' counsel concerning scheduling and status generally, and coordination of filing of documents with the Court and service of same.

**Fee/Employment Matters (30.5 hours; $10,009.50)**

25.  During the Application Period, Bingham prepared its own retention application and supporting affidavits and reviewed the retention application of Butler as local counsel to the Committee. Bingham also reviewed its own fee statements for, among other purposes, compliance with the Compensation Procedures Order and the Guidelines and prepared and served monthly fee statements for March and April 2012.

**Meeting of Creditors (65.5 hours; $51,072.00)**

26. The services performed by Bingham in this category primarily relate to written, electronic and telephonic communications with Committee members and the orderly conduct, coordination and management of communications with the Committee. Bingham analyzed Committee governance matters and prepared by-laws and confidentiality agreements. Bingham participated in regular weekly telephonic meetings with the Committee in order to keep the Committee apprised of developments in these Chapter 11 Cases. Bingham generally prepared and circulated an agenda before each meeting, and prepared and distributed related materials for the Committee's review. Following each Committee meeting, Bingham prepared and distributed minutes of the meeting. During the Committee meetings, Bingham discussed with Committee members all significant matters that arose during the Application Period, and assisted the Committee in formulating positions regarding these issues. Through these meetings and calls, and other communications with Committee members, Bingham has assisted the Committee in fulfilling its duties to unsecured creditors of the Debtors' estates and in making informed decisions regarding issues that have arisen in these Chapter 11 Cases.

**Financing (38.5 hours; $28,462.50)**

27. The services performed by Bingham in this category primarily relate to the review and analysis of the debtor-in-possession financing documents, including filing an objection to the proposed final order.

**Relief from Stay Proceedings (.3 hours; $255.00)**

28. The services performed by Bingham in this category relate to the review of a motion for relief from stay filed by Mark Brody.

8

**Fee/Employment Objections (.9 hours; $765.00)**

29.     The services performed by Bingham in this category primarily relate to the review of retention applications and monthly statements of the Debtors' professionals.

**Business Operations (52.2 hours; $43,719.00)**

30.     The services performed by Bingham in this category primarily relate to (i) the analysis of the Debtors' ongoing financial and operating performance, including, among other things, the review and analysis of the Debtors' business plan, schedules, operating reports, and issues regarding negotiation of the proposed membership agreement; (ii) preparation for and attendance at a meeting in Atlanta, Georgia with the Debtors and their professionals; and (iii) participation in regular conference calls with the Debtors and their professionals regarding the Debtors' business operations.

**Asset Disposition (32.5 hours; $26,323.00)**

31.     During the Application Period, Bingham reviewed and analyzed the proposed asset purchase agreement and bid procedures and provided comments.  Bingham also prepared an objection to the bid procedures motion.

**Asset Analysis and Recovery (3.3 hours; $2,805.00)**

32.     The services performed by Bingham in this category primarily relate to the investigation of the claim of the indenture trustee and the noteholders.

**Claims Administration and Objections (27.4 hours; $19,574.00)**

33.     During the Application Period, Bingham prepared an instruction memorandum to the Committee regarding the proof of claim bar date, responded to creditor inquiries regarding the proof of claim procedure, and reviewed the claims register and claims filed.

**Litigation (3.6 hours; $3,060.00)**

34. The services performed by Bingham in this category primarily relate to review and analysis of the litigation brought by J. Whitmire Grading against creditors and parties in interest with property located at High Carolina.

**Plan and Disclosure Statement (15.9 hours; $13,406.50)**

35. The services performed by Bingham in this category primarily relate to analysis of various possible plan and restructuring scenarios and the review of the Debtors' Plan and Disclosure Statement.

**General Review of Pleadings (3.2 hours; $2,456.50)**

36. The services performed by Bingham in this category relate to the review and consideration of pleadings and electronic docketing notices in these Chapter 11 Cases.

**Non-Working Travel (25.5 hours; $21,675.00)**

37. The entries in this category represent time expended by attorneys while traveling for purposes relating to these Chapter 11 Cases, but not working on matters relating to these or any other cases. Non-working travel time is billed at 50% of actual travel time.

**General Court Attendance (3.9 hours; $3,067.00)**

38. The services performed by Bingham in this category relate to attendance at Court hearings on March 16, 2012 and May 8, 2012.

## AMOUNT REQUESTED

39. Bingham deems the fair and reasonable value of its services for the Application Period to be $244,882.50. For purposes of this Application, Bingham has computed the fees on the basis of its regular hourly rates applicable to the performance of legal services unrelated to

these Chapter 11 Cases. As shown by this Application and supporting exhibits, Bingham's services were rendered economically and without unnecessary duplication of efforts. The work involved, and the time expended, was assigned carefully in consideration of the experience and expertise required for each given task.

40. In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, the amount requested is fair and reasonable given (a) the complexity of the Chapter 11 Cases, (b) the time expended in rendering services in connection with the Chapter 11 Cases, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services rendered in cases not under this title.

41. In accordance with Rule 2016, Bankruptcy Code Section 504, and the U.S. Trustee's Guidelines, no payments (other than those approved by the Bankruptcy Court and as stated below) have heretofore been made or promised to Bingham for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases. No agreement or understanding exists between Bingham and any other person or entity for a division of compensation or reimbursement received or to be received herein or in connection with the Chapter 11 Cases.

42. As of the date hereof, Bingham has received payments during the Application Period in respect of its monthly statements as follows:

| Period | Amount Paid | Description |
|---|---|---|
| March 7, 2012 - March 31, 2012 | $82,173.87 | 80% of fees and 100% of Expenses |
| April 1, 2012 - April 30, 2012 | $64,636.59 | 80% of fees and 100% of Expenses |
| **Total Paid to Bingham to Date** | **$146,810.46** | |

11

43. Bingham has disbursed and/or incurred the expenses in the ordinary course of rendering professional services during the Application Period. Such expenses were necessary and reasonable in scope and amount and do not include a charge for profit. Accordingly, Bingham hereby requests approval of reimbursement with respect to the expenses in the amount of $7,376.34. A schedule of expenses is annexed hereto as Exhibit B.

44. In connection with the reimbursement of expenses, Bingham charges its clients in all areas of practice for expenses, other than fixed and routine overhead expenses, incurred in connection with representing its clients. These expenses include, among other things, teleconference charges, mail and express delivery charges, photocopying charges, out-of-town travel expenses, and electronic research.

45. Bingham attorneys have not incurred expenses for luxury accommodations, meals, or travel. Bingham has been aware of cost considerations throughout the Application Period and has tried to minimize expenses charged to the Debtors' estates.

## NOTICE

46. In accordance with this Court's Order Establishing Certain Notice, Case Management and Administrative Procedures [Doc. No. 121] entered on March 8, 2012 (the "**Case Management Order**"), notice of this Application will be been served upon the Service List (as defined in the Case Management Order).

## CONCLUSION

**WHEREFORE**, Bingham respectfully requests that this Court enter an order: (i) awarding Bingham interim compensation in the amount of $244,882.50 for actual,

12

reasonable and necessary professional services rendered on behalf of the Committee during the Application Period and (ii) awarding Bingham interim reimbursement in the amount of $7,376.34 for actual, reasonable and necessary expenses incurred by Bingham during the Application Period; (iii) authorizing Bingham to retain and apply to the foregoing award the amount of payments received in respect of the Application Period; (iv) authorizing and directing the Debtors immediately to pay to Bingham the unpaid balance of amounts awarded in respect of the Application Period; and (v) granting such other and further relief as the Court may deem proper.

**[Remainder of page intentionally left blank.  Next page is signature page.]**

Dated: June 18, 2012 	Respectfully submitted,


	/s/Jonathan B. Alter
	Jonathan B. Alter (admitted *pro hac vice*)
	BINGHAM McCUTCHEN LLP
	One State Street
	Hartford, CT  06103-3178
	Telephone:  (860) 240-2700
	Facsimile:  (860) 240-2800
	E-mail:  jonathan.alter@bingham.com

	*COUNSEL FOR THE OFFICIAL COMMITTEE*
	*OF UNSECURED CREDITORS*

1